UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS SHIRLEY, #539130, | ) ) ) |
| Plaintiff, | ) ) |
| v. | No. 3:22-cv-00091 ) ) |
| DR. AMANDA SIMMS, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Thomas Shirley, an inmate of the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee, filed a pro se complaint under 42 U.S.C. § 1983 against MCCX Director of Mental Health Dr. Amanda Simms, MCCX Warden Michael Parris, Dr. Emily Olroid, "the (Nashville) T.D.O.C. Mental Health Director" Jim Casey, and MCCX Therapist Jerry Spangler, alleging violations of Plaintiff's civil rights. (Doc. No. 1). Plaintiff also filed an Application for Leave for Proceed In Forma Pauperis (Doc. No. 6), a Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. No. 7), a Motion for Preliminary Injunction "T.R.O." and Motion to Add Defendants to Complaint (Doc. No. 8), and a Joint Motion to Amend Complaint, Motion to Appoint Counsel, and Request to Proceed In Forma Pauperis (Doc. No. 9).[1]

**I.     Screening of the Complaint**

Before undertaking the required screening of the complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court considers whether the Middle District of Tennessee is the proper venue for this action. That is because the Court is aware that

---

[1] This motion was filed jointly by Plaintiff and non-party inmate Gary Combs. Mr. Combs, also an inmate of MCCX, wishes to join this action as a co-plaintiff. (Doc. No. 9).

1

Plaintiff previously filed a federal action against some of the same individuals named as Defendants in this case in which Plaintiff raised many of the allegations he does in this case. See Thomas Shirley v. Amanda Hynes-Simms, et al., No. 3:21-cv-00467 (M.D. Tenn. filed 6/16/2021) (Crenshaw, Chief J.).[2] In that case, the Magistrate Judge recommended transfer to the Eastern District of Tennessee as the more appropriate venue. (No. 3:21-cv-00467, Doc. No. 34). The case was not transferred, however, because Mr. Shirley sought to voluntarily dismiss the action prior to the undersigned ruling on the Magistrate Judge's Report and Recommendation. (Doc. No. 48). The Court granted Mr. Shirley's motion, and his prior case was dismissed without prejudice.

Venue for a federal action generally lies in the district in which any defendant resides or in which "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." With this statute, "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531, 537 (6th Cir. 2002). In considering the transfer of an action under Section 1404(a), "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" Moses v. Business Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991).

Here, as in Plaintiff's prior federal action, all of the events upon which Plaintiff's claims are based occurred at the MCCX, which is located in Morgan County within the Eastern District of Tennessee. See 28 U.S.C. § 123(a)(1). Only one of the five named Defendants resides in the Middle

---

[2] The Court conducted the required PLRA screening of Plaintiff's claims, some of which are raised in the instant action. (See 3:21-cv-00467, Doc. Nos. 14 and 15).

District of Tennessee. The other four Defendants reside in the Eastern District of Tennessee. Thus, this action could have been properly filed in either district.

The Court acknowledges that Plaintiff seeks to amend his complaint to add other defendants. The individuals Plaintiff wishes to add as defendants are employees of, or otherwise affiliated with, MCCX in the Eastern District. See Doc. No. 8 at 2 ("All defendants are at: M.C.C.C.") .

Because the events giving rise to this action occurred in the Eastern District of Tennessee, the Court presumes that any potential witnesses are also located within the Eastern District. Should this matter proceed to trial or to an evidentiary hearing, the parties and witnesses would be inconvenienced if venue remains in the Middle District and they are required to travel to the Middle District. The factors weigh in favor of transferring the action to the Eastern District of Tennessee, Eastern Division pursuant to 28 U.S.C. § 1404(a). The Court will transfer this action accordingly, and the required screening of the complaint is more appropriately handled by the transferee court.

## II. Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. No. 7) and Motion for Preliminary Injunction "T.R.O." and Motion to Add Defendants to Complaint (Doc. No. 8)

Due to the time-sensitive matters often raised in motions for preliminary injunctive relief and temporary restraining orders (TRO), the Court will review Plaintiff's Motions seeking such relief (Doc. Nos. 7 and 8) and consider whether Plaintiff is entitled to immediate relief prior to transfer.

Under Federal Rule of Civil Procedure 65(b), the Court may grant a TRO "only if specific facts . . . clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); Bredesen v. Rumsfeld, No. 3:05-0640, 2005 WL 2175175, at *5 (M.D. Tenn. Sept. 7, 2005). In deciding whether to grant a TRO, the Court considers four factors: (1) whether the party seeking the TRO has a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable injury if the

3

TRO is not entered; (3) the potential harm the TRO would cause the opposing party; and (4) whether the public interest would be served by issuance of the TRO. Tankesly v. Corr. Corp. of Am., No. 3:14-CV-00911, 2014 WL 5488759, at *2 (M.D. Tenn. Oct. 29, 2014).

Before reaching the merits, however, a TRO movant must comply with specific procedural requirements. First, because the movant bears the burden of justifying preliminary injunctive relief on the merits, Kentucky v. U.S. ex rel. Hagel, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Second, a TRO motion must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a TRO motion "must be accompanied by a separately filed affidavit or verified written complaint"). Third, a TRO movant must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). This Court mandates "strict compliance" with this notice provision by pro se parties. M.D. Tenn. L.R. 65.01(c).

Plaintiff has not satisfied these procedural requirements. He has not submitted a separate memorandum of law supporting his Motions. Neither has he explained in writing what particular efforts he made to give notice of the TRO motion to Defendants or why notice should not be required. Accordingly, Plaintiff has not yet placed specific facts before the Court in a manner allowing it to fairly evaluate a request for injunctive relief on the merits.[3]

Because Plaintiff has not complied with the mandatory requirements of Federal Rule of Civil Procedure 65(b)(1)(A) and (B) and Local Rule 65.01(b) and (c), the Court will deny his Motions without prejudice to be filed, if appropriate, in the transferee court.

---

[3] In Plaintiff's prior case before the undersigned, 3:21-cv-00467, the Court denied Plaintiff's "Preliminary Motion for Temporary Restraining Order on all Defendants" (Doc. No. 11), and "Preliminary Injunctive Order for T.R.O. and Cease and Dissist [sic] Motion" (Doc. No. 13).

**III. Order**

Under the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of his application, the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his application (Doc. No. 6) is hereby **GRANTED**.

Under § 1915(b), a plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment.

All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the administrator of inmate trust fund accounts at the Morgan County Correctional Complex to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

Further, for the reasons explained herein, Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. No. 7) and Motion for Preliminary Injunction "T.R.O." (Doc. No. 8) are **DENIED WITHOUT PREJUDICE**.

This action shall be **TRANSFERRED** to the Eastern District of Tennessee, Eastern Division. Rulings on the remaining pending motions shall be reserved for consideration by the transferee court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE